IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| PUBLIC SAFETY SPECTRUM ALLIANCE and PUBLIC SAFETY BROADBAND TECHNOLOGY ASSOCIATION,<br><br>*Petitioners*,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA,<br><br>*Respondents*. | No. 24-1363 |

**COALITION FOR EMERGENCY RESPONSE AND CRITICAL INFRASTRUCTURE'S UNOPPOSED MOTION TO INTERVENE IN SUPPORT OF RESPONDENTS**

Pursuant to 28 U.S.C. § 2348, 47 U.S.C. § 402(e), and Federal Rule of Appellate Procedure 15(d), the Coalition for Emergency Response and Critical Infrastructure ("CERCI"), Petitioner in Case No. 1364, hereby moves to intervene in support of Respondents in Case No. 24-1363. CERCI has conferred with counsel to all parties in both cases, and no party opposes CERCI's intervention. CERCI's motion is timely under Federal Rule of Appellate Procedure 15(d) because it was filed "within 30 days after" the petition for review filed by the Public Safety Spectrum Alliance, *et al.* (collectively, "PSSA") on November 26, 2024.

CERCI has challenged other aspects of the order under review, *In the Matter of Amendment of Part 90 of the Commission's Rules*, WP Docket No. 07-100, FCC 24-114 (released October 22, 2024) ("Order"), in its own petition for review before this Court, Case No. 24-1364. The Court consolidated CERCI's petition with PSSA's petition. *See* Doc. 2087934. CERCI maintains that the Order's provision for "sharing" of a "nationwide overlay license" for use of the 4940–4990 MHz band of spectrum ("4.9 GHz Band") with the First Responder Network Authority

("FirstNet") is unlawful; CERCI also intends to argue that the Order is arbitrary and capricious and contrary to law in additional respects. The Order will injure CERCI's members, public safety and critical infrastructure organizations who currently use the 4.9 GHz Band and support local control thereof. PSSA, for its part, challenges aspects of the Order that it claims failed to take steps "that would have allowed FirstNet to gain access to the 4.9 GHz band more quickly and with more certainty." Doc. 2087278 at 2. As a result, CERCI moves to intervene in support of Respondents to oppose those aspects of PSSA's petition and to protect CERCI's interests in this litigation.

## BACKGROUND

The petitions in this consolidated matter challenge aspects of a final order promulgated by the Federal Communications Commission ("FCC" or the "Commission"). The Order under review fundamentally transforms use of the 4.9 GHz Band nationwide. CERCI participated extensively in the proceedings before the Commission related to the promulgation of this Order, including through multiple filings. In the Order, over CERCI's objection, the Commission created a framework whereby an entity known as a "Band Manager" will receive a nationwide overlay license for use of the 4.9 GHz Band that is currently designated for public safety use; the Band Manager is then authorized to enter a "sharing agreement" to enable FirstNet to use that spectrum. The Order also "freezes" the licenses of incumbent public safety users in the 4.9 GHz Band and converts their geographic licenses into site-based licenses.

CERCI, as a party aggrieved by the Order, filed a petition, docketed as Case No. 24-1364, on November 27, 2024. CERCI challenges the Order on the grounds that the transfer of control of the 4.9 GHz Band to FirstNet and its restrictions on incumbent users contravene the governing statutory provisions, are arbitrary and capricious, and are otherwise contrary to law. PSSA filed

2

its petition, docketed as Case No. 24-1363, on November 26, 2024. PSSA challenges the Order on the grounds that it does not transfer control of the 4.9 GHz Band to FirstNet quickly enough or restrict incumbent users' operations adequately. This Court consolidated the two petitions by its own motion on December 4, 2024. *See* Doc. 2087934.

## ARGUMENT

CERCI is entitled to intervene in support of Respondents in this case. 28 U.S.C. § 2348 provides that "any party in interest in the proceeding before the agency whose interests will be affected if an order of the agency is or is not enjoined, set aside, or suspended, may appear [in all court proceedings under 28 U.S.C. § 2344] of their own motion and as of right." *Id.*; *see Rio Grande Pipeline Co. v. FERC*, 178 F.3d 533, 539 (D.C. Cir. 1999) (observing that "[f]or those who have participated before the agency, § 2348 explicitly provides [the] choice" of "interven[ing]"). These "requisites for intervention . . . are less stringent" than 28 U.S.C. § 2344's requirement that a party petitioning for review be a "'party aggrieved,' a term which has uniformly been interpreted to require that petitioners be parties to any proceedings before the agency preliminary to issuance of its order." *Alabama Power Co. v. ICC*, 852 F.2d 1361, 1367 (D.C. Cir. 1988); *see also Beyond Nuclear, Inc. v. U.S. Nuclear Regul. Com'n*, 113 F.4th 956, 962 (D.C. Cir. 2024).

In any case, here CERCI was a party in interest in the agency proceedings, as it submitted numerous filings in those proceedings that the Order cited extensively in rejecting CERCI's concerns. *See, e.g.*, Order ¶¶ 18, 30–36, 40–42 & accompanying footnotes. Accordingly, CERCI may intervene as of right. *See Bechtel v. FCC*, 10 F.3d 875, 878 (D.C. Cir. 1993) (noting that "another disappointed applicant" intervened as of right "pursuant to 28 U.S.C. § 2348"); *Kansas City S. Indus., Inc. v. ICC*, 902 F.2d 423, 434 (5th Cir. 1990) (noting previous grant of intervention

3

under 28 U.S.C. § 2348 to union that advocated in agency proceedings for agency to impose more protective labor conditions on carrier subsidiaries in railroad merger).

In addition, CERCI's interests will be affected if the Order is set aside on the grounds advanced by PSSA. CERCI objects to the very premise of transferring control of the 4.9 GHz Band to FirstNet and to the restrictions the Order places on incumbent users. If PSSA's petition were successful, those ends would be accomplished more quickly, completely, and directly, and incumbent users would face even further restrictions on operations in the band. That outcome would substantially further injure CERCI's members, above and beyond the actions already taken in the Order that CERCI has challenged. CERCI's members include licensees that operate in the 4.9 GHz Band, and all CERCI members support retaining control of the band by state and local public safety and critical infrastructure users rather than ceding the vast majority of that control to a single entity for nationwide operations. CERCI therefore has a strong interest in intervening in support of Respondents in Case No. 24-1363 to rebut PSSA's arguments that the Order does not go far enough in transferring control of the band to FirstNet.

Even without a statutory right to intervene, this Court should grant CERCI leave to intervene pursuant to Federal Rule of Appellate Procedure 15(d). Rule 15(d) requires that motions to intervene "contain a concise statement of the interest of the moving party and the grounds for intervention." The Supreme Court has instructed that courts should consider "the policies underlying intervention in the district courts," including "the legal interest that a party seeks to protect through intervention on appeal." *Cameron v. EMW Women's Surgical Ctr., PSC*, 595 U.S. 267, 277 (2022) (internal quotation marks and citations omitted).

CERCI easily satisfies this standard. As discussed above, PSSA's attempt to effect the transfer of the 4.9 GHz Band more quickly and completely, and to impose further restrictions on

4

incumbent users, directly implicates CERCI's interests in preserving control of the 4.9 GHz Band by users at the local level.

## CONCLUSION

For the foregoing reasons, CERCI's unopposed motion to intervene in support of Respondents should be granted.

Dated: December 23, 2024

Respectfully submitted,

/s/ *Jessica Ring Amunson*
Jessica Ring Amunson
Elizabeth B. Deutsch
Arjun R. Ramamurti
Joshua Armstrong
Jenner & Block LLP
1099 New York Ave, NW Suite 900
Washington, DC 20001
(202) 639-6000
jamunson@jenner.com
edeutsch@jenner.com
aramamurti@jenner.com
jarmstrong@jenner.com

*Counsel for Proposed Intervenor Coalition for Emergency Response and Critical Infrastructure*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Unopposed Motion to Intervene corrected with the below Certificate of Compliance was served on all parties on December 27, 2024, via the Court's CM/ECF system, which sends automatic notification to counsel of record via email.

*/s/ Jessica Ring Amunson*
Jessica Ring Amunson

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the word limit set forth in Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f), this motion contains 1,196 words.

*s/ Jessica Ring Amunson*
Jessica Ring Amunson